| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FRIST JUDICIAL DISTRICT |

The Midwest Disability Initiative and
Gerald Doyen,

                Plaintiffs,

vs.

TSW Enterprises, Inc. d/b/a BLVD Bar & Grille,
and Clear Choice Properties, LLC,

                Defendants.

Court File No.:

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO TSW Enterprises, Inc. d/b/a BLVD Bar & Grille and Clear Choice Properties, LLC:

1.  **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit event though it may not yet be filed with the Court, and there may be no court file number on this summons.

2.  **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 day of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    Patrick W. Michenfelder, Esq.
    Chad A. Throndset, Esq.
    Throndset Michenfelder Law Office, LLC
    One Central Avenue West, Suite 203
    St. Michael, MN 55376

3.  **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT**

2

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response the Complaint even if you expect to use alternative means of resolving this dispute.

THRONDSET MICHENFELDER, LLC

Dated: November 2, 2017

By: _____
Patrick W. Michenfelder (#024207X)
Chad A. Throndset (#0261191)
Cornerstone Building
One Central Avenue W., Suite 203
St. Michael, MN 55376
Tel: (763) 515-6110
Fax: (763) 226-2515
Email: pat@throndsetlaw.com
Email: chad@throndsetlaw.com
*Attorneys for Plaintiffs*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| The Midwest Disability Initiative and; Gerald Doyen, | Court File No.: |
| Plaintiffs, | COMPLAINT |
| vs. | |
| TSW Enterprises, Inc.. d/b/a BLVD Bar & Grille, and Clear Choice Properties, LLC, | |
| Defendants. | |

Plaintiffs, by and through their undersigned counsel, bring this action against TSW Enterprises, Inc. d/b/a BLVD Bar & Grille, a Minnesota company, and Clear Choice Properties, LLC, for violations of the Americans With Disabilities Act, 42 U.S.C. §12181, *et seq.* (the "ADA") and its implementing regulations, and allege as follows:

## INTRODUCTION

1.   This is a civil rights action against Defendants for their discrimination against the disabled by their failure to provide equal access to its public facility in violation of the mandates of the ADA.

2.   The Americans with Disabilities Act (ADA), enacted in 1990, is the central civil rights law protecting people with disabilities, a group of Americans who are too often overlooked and undervalued. The ADA uses different means than other civil rights laws, but the purpose of the laws is the same: the eradication of discrimination. As one

1

legal scholar explained: A single step in front of a store may not immediately call to mind images of Lester Maddox standing in the door of his restaurant to keep blacks out. But in a crucial respect they are the same; for a step can exclude a person who uses a wheelchair just as surely as a no-blacks-allowed rule can exclude a class of people. Samuel Bagenstos, *The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 23 (2006).

3.    Title III of the ADA (42 U.S.C. § 12181) broadly protects the rights of individuals with disabilities to independently and equally access places of "public accommodation." It requires places of public accommodation to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 1218.

4.    The significance of the ADA's Title III was highlighted in hearings preceding the ADA's passage when the National Council on Disability reported to Congress that: "The survey results dealing with the social life and leisure experiences paint a sobering picture of an isolated and secluded population of individuals with disabilities. The large majority of people with disabilities do not go to movies, do not go to the theater, and do not go to sports events. A substantial minority of persons with disabilities never go to a restaurant, never go to a grocery store, and never go to a church or synagogue ... The extent of non-participation of individuals with disabilities in social and recreational activities is alarming." (S. Rep. No: 116, 101st Cong., 1st Sess. 10-11 (1989)).

2

5.     The Supplementary Information of 28 C.F.R. § 36 provides, among other things, as follows: "Some of the most frequently cited qualitative benefits of increased access are the increase in one's personal sense of dignity that arises from increased access and the decrease in possibly humiliating incidents due to accessibility barriers. Struggling [to use a non-accessible facility] all negatively affect[s] a person's sense of independence and can lead to humiliating accidents, derisive comments, or embarrassment. These humiliations, together with feelings of being stigmatized as different or inferior from being relegated to use other, less comfortable or pleasant elements of a facility (such as a bathroom instead of a kitchen sink for rinsing a coffee mug at work), all have a negative impact on persons with disabilities." "... persons who use side or parallel transfer methods from their wheelchairs are faced with a stark choice at establishments with [bathrooms that are not ADA compliant] i.e., patronize the establishment but run the risk of needing assistance when using the restroom, travel with someone who would be able to provide assistance in toileting, or forego the visit entirely ...."

6.     Though disability rights laws are supposed to prevent the continued isolation and segregation of people with disabilities in the same tradition as other civil rights laws, some appear to regard disability rights requirements – particularly those involving physical access requirements, such as ramps and hand rails – as different, and less important, than other civil rights. *The Case of "Abusive" ADA Litigation, supra,* at 24. Some also appear to assume that ADA cases are abusive or unnecessary drains on courts; but private enforcement is central to accomplishment of the ADA's rightful

3

purposes and, as has been demonstrated repeatedly, compliance does not happen without the credible threat of private enforcement. *Id.* at 9.

7.     The Department of Justice has promulgated rules implementing Title III of the ADA, including the 1991 and the subsequent 2010 Standards for Accessible Design. The Standards set forth various standards for places of public accommodation under Title III to follow in order to make their facilities accessible to, and independently usable by, persons with disabilities.

8.     Despite passage of the ADA more than 25 years ago, to this date, Defendants' property is not fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers and take the actions clearly required of it by the ADA, even though such actions are readily achievable. Defendants' conduct constitutes an ongoing and continuous violation of the law.

9.     Plaintiffs seek a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make readily achievable alterations to their facility so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis; a nominal monetary award as injunctive equitable relief; a

4

declaratory judgment determining that Defendants' facilities, at the commencement of this instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations; an award of their reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Court arises under Title III of the Americans with Disabilities Act (the ADA), 42 U.S.C. §§ 12181-12189, which provides for concurrent state and federal court jurisdiction. Federal jurisdiction arises under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action includes federal law claims brought pursuant to Title III of the ADA. The Court also has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57 and/or Minn. Stat. § 555.01 et. seq. and Minn. R. Civ. Pro. 57.

11.     Venue in this judicial district is proper because Defendants are located in and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

12.     Plaintiff Midwest Disability Initiative (MDI) is a Minnesota nonprofit corporation organized under Chapter 317A of the Minnesota Statutes. The purpose of

5

MDI is to "make a trail and leave a path" by holding businesses that ignore the requirements of the ADA accountable and thereby educating the business, public and disabled communities as to the rights the disabled have under the Title III of the ADA.

13.     Compliance with Title III is critical for MDI members and for the disabled community. If, for example, a toilet is not accessible with adequate maneuvering space, grab bars, etc. the disabled either cannot toilet, or cannot do so without assistance. MDI's membership includes individuals who have been forced to urinate and defecate on themselves because a place of public accommodation did not have an accessible toilet. Similarly, without a properly striped parking lot including accessible parking and an accompanying access isle, disabled individuals face the threat that another may park so close to the vehicle he or she is travelling in that he or she will be unable to access that vehicle until the car parked beside it is moved, or without excessive struggle and risk of injury. And without an accessible entrance, disabled individuals are excluded from independent access to the premises entirely.

14.     Plaintiff Doyen, an MDI member, is a left leg below-the-knee amputee who also has a left hand deformity making it difficult to grasp, twist and hold things. Mr. Doyen is fully dependent upon the use of a wheelchair or motor scooter. Mr. Doyen suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). He is therefore a member of the protected class under the ADA and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et. seq.

6

15.    Doyen has an acute understanding of the discrimination people with disabilities regularly encounter when businesses ignore the ADA - and the humiliation, embarrassment, stigma, physical discomfort, stress, strain, fatigue and isolation from friends and family that results. Doyen is also well aware of the benefits for the disabled when responsible business owners take the ADA's requirements seriously. Doyen is very much committed to doing all that he can to help himself, and other disabled people, by pursuing a cause - holding businesses accountable for ignoring the ADA - that others may turn away from.

16.    Doyen, age 48, was born in Minnesota and has resided in Saint Paul, Minnesota all his life. He regularly frequents businesses in the Twin Cities Metropolitan and surrounding area (Area) including restaurants, convenience stores, general stores, grocery stores and other businesses - and has done so for years and years. The ability to independently patronize businesses in the Area is important to Doyen and his quality of life; it enables him to obtain necessary goods and services and allows him to interact with the community, which is a critical social outlet for him.

17.    Defendant TSW Enterprises, Inc. d/b/a BLVD Bar & Grille (BLVD Bar & Grille) owns and/or operates BLVD Bar & Grille and/or is the lessee of the real property upon which it is located at 433 E. Mendota Road, West St. Paul, Minnesota, a place of public accommodation within the meaning of the ADA.

18.   Defendants Clear Choice Properties, LLC, owns and/or is the lessor of the real property upon which BLVD Bar & Grille is located, a place of public accommodation within the meaning of the ADA.

## VIOLATIONS OF THE ADA ACCESSIBLE DESIGN STANDARDS

19.   In August of 2017, Doyen visited BLVD Bar & Grille, became aware of, and was deterred from patronizing the facility by, discriminatory barriers including, but not necessarily limited to, the following:

a.   no rear grab bars in the toilet room in violation of the 2010 ADA Standards 604.5.1 and 604.5.2 and the 1991 ADA "Safe Harbor" Standards, 4.17;

b.   a toilet side grab bar that is more than 12 inches from the rear wall and/or is less than 42 inches long and/or that does not extend horizontally at least 54 inches from the rear wall, in violation of the 2010 ADA Standards 604.5.1 and 604.5.2 and the 1991 ADA "Safe Harbor" Standards, 4.17;

c.   a toilet with a flush control that is not on the open side of the water closet in violation of violation of the 2010 Standards 604.6.

d.   a lavatory with inadequate clear floor space for a person using a wheelchair to get close enough to reach the faucet because it is obstructed by a cabinet in violation of the 2010 ADA Standards 306.2 and 306.3 and the 1991 ADA "Safe Harbor" Standards, 4.19;

8

e.      operable parts of a towel dispenser greater than 44 inches above the floor and obstructed in violation of the 2010 ADA Standards 309 and the 1991 ADA "Safe Harbor" Standards, 4.27; and

f.      lack of proper disabled parking signage in violation of the 2010 ADA Standards 502.6 and the 1991 ADA "Safe Harbor" Standards, 4.6 for reasons including the fact that the bottom of the sign is not at least 60 inches from the ground.

20.      The photographs attached hereto as Exhibit A depict violations identified in the preceding paragraph.

21.      The above listing is not to be considered all-inclusive of the barriers and violations of the ADA which exist at the facility. In order to fully identify all of the discriminatory conditions at the facility, Plaintiffs require an inspection which will be sought in the discovery phase of this litigation.

22.      Compliance with the ADA standards of accessible referenced above is required by 42 U.S.C. § 12182(b)(2)(A)(iv) because remedying the architectural barriers identified is readily achievable due to the lack of difficulty and low cost of remedying the barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable." 28 C.F.R. § 36.304(b).

23.      Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1

9

million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. See ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

24.  As a person with a disability, Doyen has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

25.  Doyen is not able to access the facility independently on a full and equal basis and is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein because of his disabilities and due to the physical barriers to access and violations of the ADA that exist at Defendants' facility.

26.  Doyen lives near to the facility. Doyen intends to patronize the facility in the future, although the unlawful barriers described herein prevent him from being able to do so independently and deter him from doing so. Doyen's condition varies and, depending on the status of his condition on a given day, he is sometimes dependent upon having someone take him to or accompany him when he visits places. This limits his ability to make definitive plans to return to a place on a specific date. But he regularly

patronizes businesses in the vicinity of the facility and would return to patronize the facility in the imminent future but for the barriers described herein.

27.     The violations discussed above presently deter and discourage Doyen from returning to the facility for reasons including, but not necessarily limited to, the following: the above-referenced violations make it difficult or impossible for him to patronize the facility unless he twists, struggles and strains himself or obtains help from others; and puts him at risk of injury. All of these things negatively affect Mr. Doyen's sense of independence and can lead to humiliating accidents, derisive comments, embarrassment, a loss of dignity, and feelings of being stigmatized as different or inferior.

28.     Mr. Doyen will return and patronize the facility without hesitation when the barriers identified herein have been removed or cured; and he will return within the next several months in any event, albeit not independently, because it is located in an area he regularly socializes in and because he is interested in checking on the Defendants' ADA compliance and that of other similar businesses as a tester in hopes to thereby increase accessibility for the disabled.

29.     Defendants have intentionally maintained the facility in a condition that violates the ADA for reasons including, but not limited to, the following: the ADA was passed in 1990 and has been well publicized; the above-described barriers are intuitive and obvious; ADA Title III compliance information and assistance is readily available at no cost (see e.g., ada.gov); Defendants exercised control over the conditions at the

14

facility; and Defendants have and continue to maintain the facility in a condition that does not comply with the easily understandable accessibility design standards that apply here and which can be achieved at modest expense.

30.     Absent injunctive relief, Defendants' unlawful conduct herein described will continue to cause injury to Plaintiff and other disabled individuals, who will continue to be unable to independently access the facility and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of the rights ensured to the disabled by the ADA.

## FIRST CAUSE OF ACTION: VIOLATIONS OF THE AMERICAN'S WITH DISABILITIES ACT, 42 U.S.C. §§ 12101 *et seq*.

31.     Plaintiffs incorporate and re-allege the paragraphs above.

### Denial of Full and Equal Enjoyment and Use

32.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et. seq*., provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

33.     A public accommodation under the ADA includes, inter alia, "sales establishments" and "a restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12182 (7).

12

34.     Defendants have discriminated against Plaintiffs and others by their failure to make their place of public accommodation fully accessible to persons with disabilities on a full, equal, and independent basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder as described above.

35.     Doyen has been denied full and equal access to the facility and has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

Failure to Remove Architectural Barriers in an Existing Facility

36.     The ADA specifically prohibits the failure to remove architectural barriers in existing facilities where such removal is readily achievable under 42 U.S.C. § 12182 (b)(2)(A)(iv) and 28 C.F.R. § 36.104.

37.     Even when an entity can demonstrate that removal of a barrier is not readily achievable, it must nevertheless provide for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations goods available through alternative means, if alternative means are readily achievable. 42 U.S.C. § 12182 (b)(2)(A)(v).

38.     Plaintiffs allege that removal of the barriers at the facility is readily achievable.

39.     In the alternative, to the extent the removal of any or all of the barriers at issue is not determined to be readily achievable, Plaintiffs allege that Defendants violated

13

the ADA by failing to make the required goods, services, etc. equally available to the disabled through alternative means.

### Failure to Design and Construct an Accessible Facility

40.     To the extent that the facility was designed and constructed for first occupancy after January 26, 1993, Plaintiffs allege that removal of the barriers at the facility is not structurally impracticable under 42 U.S.C. § 12182 (b)(2)(A)(v).

### Failure to Make an Altered Facility Accessible

41.     To the extent that the facility was altered after January 26, 1992 (including, but not limited to, any remodeling, renovation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangements in the configuration of walls and full-height partitions) Plaintiffs allege that that the facility is not accessible to the disabled to the maximum extent feasible under 42 U.S.C. § 12183 (a)(2).

### Failure to Modify Existing Policies and Procedures

42.     42 U.S.C. § 12182 (b)(2)(A)(ii) requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that such modifications would fundamentally alter its nature.

43.     In light of the foregoing, Defendants' policies, practices, and/or procedures (including, but not limited to, those involving ADA related education, training, and

14

compliance) are inadequate to ensure ongoing compliance with the ADA and therefore must be modified accordingly.

## Nominal Monetary Award

44.     Plaintiffs allege a right to a nominal monetary award as equitable injunctive relief in accordance with authority including *Tayler Bayer v. Neiman Marcus Group, Inc.*, No. 11-17920 (9th Cir. 2014) and such other authority as may be applicable.

## Other Injunctive Relief

45.     This Court also has authority under 42 U.S.C. § 12188 to grant injunctive relief, including an order requiring Defendants to make the facility accessible to, and independently usable by, individuals with disabilities to the extent required by the ADA and/or to close the facility until such time as Defendants cure the ADA violations set forth herein.

46.     Doyen is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to the facility unless and until Defendants are required to remove the physical barriers to equal and independent access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

## Attorneys' Fees and Costs

47.     Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action, and are entitled to recover reasonable attorneys' fees, litigation

expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117 and 28 C.F.R. § 36.505, in connection with the prosecution of this matter.

### SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

48.    Plaintiffs incorporate and re-allege the paragraphs above.

49.    This cause of action is brought pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57 and/or Minn. Stat. § 555.01 et. seq. and Minn. R. Civ. Pro. 57.

50.    Plaintiffs seek and are entitled to a judgment declaring that the Facility, as of the date this matter was commenced, was being operated unlawfully and in violation of the ADA and its implementing regulations for reasons including, but not necessarily limited to the unlawful denial of full and equal enjoyment of use, unlawful violations of the ADA accessible design standards, unlawful failure to remove architectural barriers, and unlawful policies, practices and/or procedures identified above.

WHEREFORE, Plaintiffs respectfully request:

a.    That the Court issue a Declaratory Judgment determining that Defendants' facility, at the commencement of this instant suit, was being operated in violation of Title III of the ADA, 42 U.S.C. § 12181, et seq., and the relevant implementing regulations.

b.    That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendants from continuing its discriminatory practices; including an order directing Defendants to make readily achievable alterations to their facility so as to remove physical barriers to access and make its facility fully accessible to and independently usable by individuals with

disabilities to the extent required by the ADA and enjoining operation of the Facility until such time as the alterations are completed;

      c.    That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining Defendants to make reasonable modifications in policies, practices and/or procedures necessary to ensure current and ongoing compliance with the ADA and enjoining operation of the Facility until such time as the modifications are made and implemented;   .

      d.    That the Court award Plaintiffs injunctive relief in the form of a nominal monetary sum;

      e.    That the Court award Plaintiffs their reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205; 28 C.F.R. § 36.505; or as otherwise provided by law; and

      f.    That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

Dated: November 3, 2017                    THRONDSET MICHENFELDER, LLC


                                           By: _____
                                              Patrick W. Michenfelder (#024207X)
                                              Chad A. Throndset (#0261191)
                                           Cornerstone Building
                                           One Central Avenue West, Suite 203
                                           St. Michael, MN 55376
                                           Tel: (763) 515-6110
                                           Fax: (763) 226-2515
                                           Email: pat@throndsetlaw.com
                                           Email: chad@throndsetlaw.com
                                           *Attorneys for Plaintiffs*

EXHIBIT A











Little;Oscar,Marathon

Download     Full screen    Show email





11/1/2017

West St Paul, Minnesota - Google Maps

West St. Paul, Minnesota



Google, Inc.

Image capture: Jul 2015    © 2017 Google

Street View · Jul 2015

